POLSINELLI LLP
Adam P. Daniels (SBN: 296466)
adaniels@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:  (310) 556-6754
Facsimile:   (310) 556-1802

POLSINELLI PC
John R. Posthumus (Pro Hac Vice)
jposthumus@polsinelli.com
1401 Lawrence Street
Suite 2300, Denver CO 80202
Telephone:  (303) 572-9300
Facsimile:   (303) 572-7883

*Attorneys for Plaintiff and RE/MAX LLC*

DURAN LAW OFFICE, P.C.
Jack Duran, Jr. (SBN 221704)
duranlaw@yahoo.com
4010 Foothills BLVD. S-103, #98
Roseville, CA 95747
Telephone: 916-779-3316
Facsimile: 916-520-3526

BROWN PATENT LAW
Nathan Brown (Pro Hac Vice)
nathan.brown@brownpatentlaw.com
15100 N. 78th Way, Suite 203
Scottsdale, AZ 85260
Telephone 602-529-3474

*Attorneys for Defendant AMERICAN REALTY SERVICES, INC.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RE/MAX, LLC, a Delaware Limited Liability Company,<br><br>                 Plaintiff,<br><br>     v.<br><br>AMERICAN REALTY SERVICES, INC., a California Corporation,<br><br>                 Defendant. | Case No. 2:21-cv-07527-PA-RAO<br><br>**DRAFT RULE 26(F) REPORT**<br><br>Judge: Hon. Percy Anderson<br><br>Date Filed: September 20, 2021<br>Trial Date: None Set Yet<br><br><u>Scheduling Conference</u><br>Date: February 14, 2022<br>Time: 10:30 AM<br>Courtroom: 9A |

DRAFT RULE 26(f) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and this Court's Order Setting Scheduling Conference (ECF No. 25), Plaintiff in this action hereby submits the following **draft** Rule 26(f) Report following a telephonic conference on January 24, 2022 between counsel for AMERICAN REALTY SERVICES, INC. ("Defendant," or "American Realty") and counsel for RE/MAX, LLC ("Plaintiff" or "RE/MAX").

The parties generally agreed to a timeline for pretrial and trial dates during the meet and confer conference on January 24, 2022. Plaintiff has not received confirmation regarding Defendant's agreement with the schedule of dates proposed herein. However, Plaintiff does not expect significant deviation (if any) from the proposed dates herein given the parties general agreement to the timeline during the meet and confer conference. Plaintiff will immediately file an updated Joint 26(f) Report once it receives Defendant's positions and Defendant's agreement regarding a proposed schedule.

Plaintiff further agreed to Defendant's request for a joint stipulation to extend the due date to file the Joint Rule 26(f) report until February 4, 2022. Plaintiff instructed Defendant's counsel to file the joint stipulation today, but Plaintiff has not received confirmation or an indication that Defendant filed the joint stipulation. Accordingly, Plaintiff files this draft 26(f) Report out of an abundance of caution and to comply with the dates set forth in the Court's Order Setting Scheduling Conference.

I.  **SUBJECT MATTER JURISDICTION**

This action arises under the Lanham Act Violation 15 U.S.C. § 1125, and the parties agree this Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b), as well as supplemental jurisdiction under 28 U.S.C. § 1367 over the common law and state claims.

II.  **SYNOPSIS OF LEGAL ISSUES**

**A. Plaintiff's Contentions**

Plaintiff's Statement

Since 1973, RE/MAX has invested billions of dollars in the United States and worldwide to develop, promote, and maintain its distinct brand name associated with real estate brokerage services. Today, RE/MAX maintains an extensive franchise network ("RE/MAX Network") of independently owned and operated franchise offices and affiliated independent contractor/sales associates who are authorized to use the RE/MAX brand and trademarks in connection with providing real estate brokerage services. Relevant to this dispute, RE/MAX owns several U.S. trademark registrations relating to "for-sale" sign designs, including U.S. Trademark Registration Nos. 1,702,048; 1,691,854; 1,720,592; 4,986,346; 5,453,086; and 5,453,087, among others. RE/MAX also owns California State Trademark Registration No. 37219 for the for-sale sign design.

Defendant has been using a confusingly similar for-sale sign design in conjunction with real estate services. Below are exemplary side-by-side pictures of a RE/MAX brand for-sale sign and Defendant's for-sale sign:

   

Example RE/MAX sign               Defendant's sign

RE/MAX brings causes of action against Defendant for trademark infringement and unfair competition under federal and state law. The principal legal issue is whether Defendant's sign creates a likelihood of confusion with the RE/MAX brand such that the purchasing public and others would be led to mistakenly believe that

Defendant is affiliated with, related to, sponsored by, or connected with RE/MAX or the RE/MAX Network. RE/MAX seeks judgment against Defendant in its favor, including for injunctive relief, actual damages and/or Defendants' profits, as well as treble damages, along with its attorneys' fees, costs, and expenses with pre- and post-judgment interest.

### B. Defendant's Contentions

Defendant's contentions are forthcoming.

## III. ANTICIPATED CHANGES TO PLEADINGS AND PARTIES

<u>Plaintiff's Statement</u>

At this time, Plaintiff does not anticipate amending the pleadings or changing the parties.

<u>Defendant's Statement</u>

Defendant's statement is forthcoming.

## IV. SCHEDULING MATTERS AND DISCOVERY PLAN

### A. Initial Disclosures

<u>Plaintiff's Statement</u>

Plaintiff served its initial disclosures on Defendant on February 1, 2022. Plaintiff does not propose any changes to the form or requirement for disclosures under Federal Rule of Civil Procedure 26(a).

<u>Defendant's Statement</u>

During the meet and confer, counsel for Defendant indicated that Defendant intends to file a motion to dismiss and will request suspension of the due date for serving Defendant's initial disclosures until after the Court rules on the motion.

### B. Discovery Subject, Timing, and Phasing

The parties expect to conduct discovery requiring the production of documents, electronic materials, and things, interrogatories, requests for admission, and deposition testimony. The parties will conduct discovery on the claims and defenses

asserted herein, including Plaintiff's claims of trademark infringement and unfair competition, Defendants' affirmative defenses, and Plaintiffs' asserted damages.  The parties anticipate they will seek discovery of all relevant electronically stored information. The parties anticipate using all discovery allowed under the Federal Rules of Civil Procedure, including depositions, requests for production, interrogatories, and requests for admission. As necessary, the parties may also serve subpoenas on third parties.

Plaintiff proposes that all discovery, including fact and expert discovery, be completed by November 4, 2022, with the understanding that the Court practice will be returning to normal by that time. Plaintiff has not factored in additional shutdowns in their Scheduling Order. Plaintiff may seek amendments to the Scheduling Order if there is a spike in infections or further shutdowns that render amendment necessary.

Plaintiff does not believe that discovery needs to be phased. Counsel for each party has instructed their respective clients to preserve discoverable information.

### C. Summary of Schedule

The parties generally agreed to a timeline for pretrial and trial dates during the meet and confer conference on January 24, 2022. Plaintiff proposes a schedule of pretrial and trial dates as well as the timing of discovery in Exhibit A. An abridged version of Plaintiff's proposed dates is as follows:

- Establishing a Discovery Cut-off Date of November 4, 2022.
- Setting Motion Hearing Cut-off date of December 19, 2022.
- Setting Final Pretrial Conference for December 27, 2022 at 1:30 p.m.
- Jury Trial Date of January 24, 2023 at 9:00 a.m.

## V. ADDITIONAL ISSUES DISCUSSED PURSUANT TO RULE 26(F) AND LOCAL RULE 26-1

### A. Electronically Stored Information

Plaintiff has complied with its preservation obligations relating to

electronically stored information ("ESI") pursuant to Federal Rule of Civil Procedure 34. The parties are not aware of any ESI issues at this time. Plaintiff anticipates that electronically stored information will be produced and will meet and confer with Defendant in good faith on production protocols and other technical details as necessary before involving the Court.

### B. Privilege or Confidentiality

In accordance with the Federal Rules of Civil Procedure, Plaintiff agrees that information withheld for privilege or as attorney work product will be listed on a privilege log, with the exception that privileged or attorney work product information involving litigation counsel on or after the date the above-entitled action was filed does not need to be logged.

Plaintiff will work with Defendant on a draft form of protective order so that the parties can jointly seek an order limiting disclosure of sensitive materials, such as the parties' confidential information, to anyone but outside litigation counsel. The parties intend to submit a joint stipulated protective order for the Court's approval.

Plaintiff states that consistent with Rule 26(b)(4) of the Federal Rules of Civil Procedure, attorney communications with experts, both testifying and non-testifying, and drafts of expert reports are not discoverable unless the expert relies on such communications pursuant to Rule 26(b)(4)(C)(ii) and (iii).

Plaintiff states that if a party, through inadvertence, produces or provides discovery that it reasonably believes is privileged or otherwise immune from discovery, the party may claw back the protected document by making a written request to the receiving party specifically identifying the protected document, including the date, author, addressees and topic of the document, as well as a brief explanation substantiating the claim of privilege. If these conditions are met, the receiving party shall return to the producing party or destroy all physical copies of the document and delete all electronic copies of the document within three (3) calendar

days of receipt of the written request. Return/destruction/deletion of the materials shall not constitute an admission or concession, or permit any inference, that the returned/destroyed/deleted materials are, in fact, properly subject to a claim of privilege or immunity from discovery.

Neither the identity nor nature of an inadvertently produced document may be used for any purpose other than to prepare a motion to compel the production of the same document in this matter. No information in an inadvertently produced document may be used or relied upon for any other purpose in this matter until the Court so orders. The receiving party may challenge the producing party's claim(s).

### C. Changes In Limitations On Discovery

At this stage of the litigation, Plaintiff does not see a need to modify the limitations on discovery set forth in the Federal Rules of Civil Procedure, but Plaintiff reserve the right to request such modification should the need arise. Specifically, Plaintiff reserves the right to move to increase the amount, scope and timing of any discovery.

### D. Orders Under Rules 16(b), 16(c), or 26(c)

At this time, Plaintiff do not seek any orders from the Court under Rules 16(b) or (c), or 26(c).

### E. Settlement & ADR Selection

Counsel for the parties have discussed potential settlement, including during the 26(f) conference on January 24, 2022. While the parties have not resolved the dispute, the parties remain open to settlement and will continue settlement discussions in parallel with the litigation.

Pursuant to Local Rule 16-15.4, Plaintiff is amenable to mediation before the Court Mediation Panel (ADR Procedure No. 2). Plaintiff requests the mediation be set for no earlier than October 25, 2022.

### F. Severance, Bifurcation, or Other Ordering of Proof

At this time, Plaintiff does not intend to request severance, bifurcation or other ordering of proof. Plaintiff expressly reserves its right to request severance, bifurcation, or other ordering of proof as information is uncovered during discovery.

### G. Complex Case

While it is early in the litigation, Plaintiff does not foresee the need to use procedures in the Manual for Complex Litigation. Should the need arise, Plaintiff agrees to meet and confer with Defendant as necessary to discuss whether complex issues, difficult legal questions or unusual proof problems require use of the manual.

### H. Issues to be Determined by Motion

Other than discovery motions, Plaintiff will likely make motions for summary judgment/adjudication. Plaintiff proposes December 19, 2022 as the deadline by which all dispositive motions shall be heard.

### I. Trial Estimate

The parties demanded a jury trial that is estimated to last approximately five (5) court days.

### J. Additional Parties

<u>Plaintiff's Statement</u>

Plaintiff does not anticipate adding parties to this litigation at this time.

<u>Defendant's Statement</u>

Defendant's statement is forthcoming.

### K. Expert Witnesses

Plaintiff anticipates it will designate one or more experts pursuant to Rule 26(a)(2) regarding infringement/non-infringement and/or damages. Plaintiff proposes expert disclosure dates set forth in Exhibit A.

### L. Electronic Service

Plaintiff agrees that service by electronic means shall be allowed as set forth in Rule 5(b)(2)(E). Service by electronic means shall be considered the same as hand

delivery for purposes of calculating the time to respond, provided electronic service is made to all attorneys of record listed on the pleadings.

### M. Other Issues

Plaintiff does not anticipate any other issues at this time.

Dated: _____    Respectfully submitted,

**POLSINELLI LLP**

By: */s/*_____
Adam P. Daniels
John R. Posthumus (Pro Hac Vice)

*Attorneys for Plaintiff,*
*RE/MAX, LLC*

# EXHIBIT A
# PLAINTIFF'S PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

Case Name: *RE/MAX, LLC v. American Realty Services, Inc.*

Case No.: 2:21-cv-07527-PA-RAO

| Description | Notes | Proposed Dates |
|---|---|---|
| Last day to File Motions to Add Parties and Amend Pleadings | | February 28, 2022 |
| Fact Discovery Cut-Off | | August 26, 2022 |
| Last Day to Serve Initial Expert Reports | *Not later than 8 wks before Expert discovery cutoff (ECF No. 11)* | September 9, 2022 |
| Last Day to Serve Rebuttal Expert Reports | *Not later than 5 wks before Expert discovery cutoff (ECF No. 11)* | September 30, 2022 |
| Last Day to Conduct Settlement Proceedings, including ADR | *Not later than 45 days before Final Pre-Trial Conference (L.R. 16-15.2, ECF No. 11)* | October 25, 2022 |
| Expert Discovery Cut-Off (*All Discovery Cut-off*) | | November 4, 2022 |
| Last Day to File Motions, including dispositive motions (except *Daubert* and all other Motions in Limine) | | November 21, 2022 |
| Last Day to File *Daubert* Motions | | November 28, 2022 |
| Last Day to **Hear** Motions (except *Daubert* and Motions in Limine) (Monday at 1:30 p.m.) | | December 19, 2022 |
| Last Day to File Motions in Limine | | December 27, 2022 |
| Final Pretrial Conference (Tuesday at 1:30 p.m.) | | December 27, 2022 |
| **Jury Trial (5 days est.)** | | January 24, 2023 |